**No. 41761.**—Protest 967199–G(A) of Gallagher & Burton, Inc. (Philadelphia).

KEEFE, Judge: The plaintiff here complains of the collector's action in taking duty upon two bottles of rum which had been broken. All of the papers in the protest were admitted in evidence. From an examination of the record we find the following facts: A shipment of 23 cases of rum, three one-gallon bottles to the case, arrived at the port of New York for transshipment under immediate transportation entry to the port of Philadelphia. The discharging inspector at New York reported that case No. 9 contained 2 full bottles and one empty bottle. Upon arrival of the shipment in Philadelphia 22 cases were placed in bonded warehouse and one case, No. 23, was delivered to the appraiser's stores for examination. In case 23 one bottle was found to be broken and empty. Examination of the case ordered to the appraiser's stores was made on January 3, 1938. Upon January 5 the affidavit of breakage upon three bottles contained in cases 7, 9, and 23 was filed. Allowance in liquidation was made for the bottle broken in case 23 only. The affidavit was considered untimely relative to the breakage in cases 7 and 9.

The plaintiff contends that the date of gage or ascertainment of contents of bottles and the date of delivery should be taken as of the date of January 3, when case 23 was examined, and that said date should apply to the whole shipment of 23 cases.

The Government contends that an allowance could be made only on condition that the necessary affidavit was received within five days from the date of delivery of the case, which was December 27, 1937, the date the shipment was received at the warehouse, and that the affidavit received January 5 is too late.

Paragraph 813 of the Tariff Act of 1930 relative to breakage reads as follows:

PAR. 813. There shall be no constructive or other allowance for breakage, * * * on wines, liquors, cordials, or distilled spirits, except that when it shall appear to the collector of customs from the gauger's return, verified by an affidavit by the importer to be filed within five days after the delivery of the merchandise, that a cask or package has been broken or otherwise injured in transit from a foreign port and as a result thereof a part of its contents, amounting to 10 per centum or more of the total value of the contents of the said cask or package in its condition as exported, has been lost, allowance therefor may be made in the liquidation of the duties.

Article 815 of the Customs Regulations of 1937 provides:

ART. 815. *Definitions—Outages.—*(a) "Delivery" shall be construed to be effected at the time when merchandise is actually delivered by the carrier or on its order either directly to the importer or to the storekeeper in charge of a bonded

warehouse. Where gauging is delayed until after the merchandise has been deposited in a bonded warehouse, date of delivery shall be construed to be the date of the completion of the gauging. Allowance shall be made only for such losses as occurred prior to the gauging of the merchandise.

(b) When merchandise is forwarded under an immediate transportation entry delivery shall be construed to be effected at the port of destination under the above conditions.

The question before us to determine is the date upon which the gaging of the shipment was completed. The Government is of the view that inasmuch as liquors in bottles are not gaged, the date of delivery referred to in article 815 (a) so far as it relates to gaging has no application to case goods, and that therefore the delivery is effected at the time when the merchandise is delivered to the store-keeper in charge of a bonded warehouse.

In the case of *Julius Wile Sons & Co.* v. *United States*, T. D. 37174, the court stated that where the Secretary of the Treasury has seen fit to excuse the gager from performing the duty laid upon him by the statute and upon which the right of the importer to allowance depends, the discharging inspector performed the duty of the gager and was in fact the gager, and his report fulfilled the requirement of the statute, and neither the collector nor the Treasury Department could defeat the importer's right to an allowance by refusing to make gage thereof.

It is not disputed that the discharging inspector at the port of New York reported that one bottle in case 9 had been broken. The goods were shipped to Philadelphia and placed in bonded warehouse, except as to one case. Here the appraiser was the official who acted in the place of the gager and inspected the shipment by examining one case thereof. The appraiser's examination was completed upon January 3, and, under the terms of the statute, January 3 is the date to be recognized as the date of delivery of the merchandise. The affidavit of the importer was filed on January 5, less than 5 days allowed by statute for the filing thereof and consequently timely.

The discharging inspector reported only one bottle broken in case 9 at the time of unlading at New York. Apparently that is the only bottle broken in transit from a foreign port and under the provisions of paragraph 813 no allowance is granted for breakage while in transit after arrival in the United States. For the reasons stated judgment will be entered in favor of the plaintiff in respect to the allowance sought because of the breakage of one bottle in case 9, directing the collector to reliquidate the entry and make refund accordingly.